## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| KIWI INTELLECTUAL ASSETS CORP., | § § § | |
| *Plaintiff*, | § § | |
| | § | CIVIL ACTION NO. 2:25-CV-00811-JRG |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants*. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss ("Motion") a certain subset of Plaintiff's patent claims.  (Dkt. No. 24.)  Samsung contends that KIWI's pre-suit indirect and willful infringement claims should be dismissed, while KIWI represents that "it is not currently maintaining" these claims.  (Dkt. No. 26 at 1.)

Having considered the Motion, the subsequent briefing, and the positions of the parties, the Court finds that the Motion should be and hereby is **GRANTED**.  Noting the expressed positions of the parties, the Court agrees with Samsung that KIWI should not have opposed Samsung's Motion, ostensibly to preserve some right to develop pre-suit claims based on hypothetical discovery.  (*See* Dkt. No. 24 at 2 (Samsung arguing that KIWI "apparently prefers to leave unsupported allegations in the Complaint on the theory that those allegations may benefit Kiwi").) *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).  Accordingly, KIWI's pre-suit indirect infringement and pre-suit willful infringement claims are **DISMISSED WITHOUT PREJUDICE**.

2

**So ORDERED and SIGNED this 13th day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE